JUDGE PRESKA         08 CV 02512

121-08/MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
HBC HAMBURG BULK CARRIERS GMBH & CO. KG
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (0045)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HBC HAMBURG BULK CARRIERS GMBH & CO. KG,

  Plaintiff,

-against-

BRITANNIA BULK PLC f/k/a BRITANNIA BULK LTD.,

  Defendant.

08 Civ _____ (____)

**VERIFIED COMPLAINT**

  Plaintiff, HBC HAMBURG BULK CARRIERS GMBH & CO. KG (hereinafter "HBC HAMBURG") for its Verified Complaint against Defendant BRITANNIA BULK PLC f/k/a BRITANNIA BULK LTD. (hereinafter "BBP") alleges upon information and belief as follows:

  1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times material hereto, Plaintiff HBC HAMBURG was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Hamburg, Germany.

3. At all times relevant hereto, Defendant BBP was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 2nd Floor, Dexter House, 2 Royal Mint Court, London 50608020, England.

4. On or about March 7, 2007, Defendant BBP, as charterer, entered into a maritime contract of charter party with Plaintiff HBC HAMBURG, as owner, for use of the M/V BRAZTRANS for a period of approximately two months.

5. Under the charter, Defendant BBP was obligated to pay charter hire at the rate of $16,775 per day pro rata for the duration of the charter period.

6. On March 22, 2007 at 2205 hours, Plaintiff HBC HAMBURG duly delivered the M/V BRAZTRANS into the service of Defendant BBP and began performance of its obligations under the charter.

7. HBC HAMBURG duly performed its obligations under the charter.

8. On May 27, 2007 at 0615 hours, BBP re-delivered the vessel to HBC HAMBURG.

9. At the conclusion of the charter, Plaintiff HBC HAMBURG issued a hire statement to Defendant BBP for a hire balance of $78,715.78 earned and due in favor of HBC HAMBURG under the charter.

10. In breach of the charter, and despite due demand, Defendant BBP has failed and/or otherwise refused to pay hire amounts due and outstanding under the charter, and the entire amount of $78,715.78 remains unpaid and owing.

11.     The charter party provides for the application of English law and disputes between the parties to be resolved by arbitration in London, and HBC HAMBURG specifically reserves its right to arbitrate the substantive matters at issue. Arbitration has been commenced.

12.     This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff HBC HAMBURG's claim made or to be made in the London arbitration and under English law, as agreed by the parties.

13.     As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

14.     Plaintiff HBC HAMBURG estimates, as nearly as can presently be computed, that the legal expenses and costs of prosecuting its claims in London arbitration will be $40,000. Interest anticipated to be awarded is estimated to be $12,593.38 (calculated at the rate of 7.5% per annum compounded quarterly for a period of 2 years, the estimated time for completion of the proceedings in London).

15.     In all, the claim for which Plaintiff HBC HAMBURG sues in this action, as near as presently may be estimated, totals $131,309.16, no part of which has been paid by Defendant BBP, despite due demand. HBC HAMBURG specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure HBC HAMBURG.

**Request for Rule B Relief**

16.     Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have,

assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant BRITANNIA BULK PLC f/k/a BRITANNIA BULK LTD. (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

17. The total amount sought to be attached pursuant to the above is $131,309.16.

WHEREFORE, Plaintiff HBC HAMBURG BULK CARRIERS GMBH & CO. KG prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$131,309.16** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant BRITANNIA BULK PLC f/k/a BRITANNIA BULK LTD., including but not limited to ASSETS in its name and/or being transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

    c.    That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendant in the London proceedings; and

    d.    For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York  
       March 12, 2008

                    FREEHILL HOGAN & MAHAR, LLP  
                    Attorneys for Plaintiff  
                    HBC HAMBURG BULK CARRIERS GMBH & CO. KG

By: _____  
        Michael E. Unger (MU 0045)  
        80 Pine Street  
        New York, NY 10005  
        (212) 425-1900  
        (212) 425-1901 (fax)

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
12th day of March, 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08